UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 - 2554

---------------------------------------------------------------- x

EDWARD COOPER,

                        Plaintiff,

          -against-

Police Officer ADAM CONLIN, Shield No. 7146; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

---------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

TOWNES, J.

REYES, M.J

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Edward Cooper ("plaintiff" or "Mr. Cooper") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Adam Conlin, Shield No. 7146 ("Conlin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Conlin is sued in his individual and official capacity.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 2:45 p.m. on October 20, 2011, plaintiff and a friend, Caesar Townsend ("Townsend"), were lawfully at the corner of Bristol and Newport Streets in Brooklyn, New York.

12. Officers placed Townsend under arrest on the basis of a purportedly outstanding warrant.

13. After they arrested Townsend, the officers pushed and shoved plaintiff and then falsely arrested him.

14. The officers lacked arguable probable cause to arrest plaintiff and he had committed no crime prior to his arrest.

15. Plaintiff was falsely charged with Obstruction of Governmental Administration and transported to the 73rd Precinct.

16. Approximately eight hours later plaintiff was transported to Brooklyn Central Booking.

17. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration and fabricated police paperwork, including an arrest report, to this effect.

18. The officers had not observed plaintiff obstruct governmental administration.

19. After spending approximately 26 hours in custody, plaintiff was released on his own recognizance.

20. The false charges against plaintiff were ultimately dismissed by the Kings County District Attorney's Office.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for his arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of defendants' unlawful actions, Mr. Cooper has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against Mr. Cooper.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against Mr. Cooper, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore allege.

## SIXTH CLAIM
### Failure to Intervene

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 16, 2012
         New York, New York

>                         HARVIS MARINELLI
>                         SALEEM & WRIGHT LLP
>
>                         _____
>                         Robert Marinelli
>                         305 Broadway, 14th Floor
>                         New York, New York 10007
>                         (212) 323-6880
>                         rmarinelli@hmswlaw.com
>
>                         *Attorney for plaintiff*